```
                                                                    1
     O9AADabA

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              24 Cr. 514 (ER)

5    FAREED DABIDAH,

6                                              Arraignment
               Defendant.
7
     ------------------------------x
8
                                               New York, N.Y.
9                                              September 10, 2024
                                               2:30 p.m.
10

11   Before:

12                       HON. EDGARDO RAMOS,

13                                             District Judge

14                            APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  ANDREW JONES
17        Assistant United States Attorney

18   FEDERAL DEFENDERS OF NEW YORK
          Attorneys for Defendant
19   BY:  KRISTOFF I. WILLIAMS

20

21

22

23

24

25
     O9AADabA
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

| | |
|---|---|
| 1 | (Case called) |
| 2 | MR. JONES:  Good afternoon, your Honor.  Andrew Jones |
| 3 | for the government. |
| 4 | MR. WILLIAMS:  Good afternoon, your Honor.  Kristoff |
| 5 | Williams for Mr. Dabidah.  We are also joined by his parents. |
| 6 | THE COURT:  Good afternoon to you all.  This matter is |
| 7 | on for an initial conference.  Mr. Jones has Mr. -- is it |
| 8 | Dabidah? |
| 9 | THE DEFENDANT:  Dabidah. |
| 10 | THE COURT:  Dabidah.  Has Mr. Dabidah been arraigned |
| 11 | on the indictment? |
| 12 | MR. JONES:  No, your Honor, not yet. |
| 13 | THE COURT:  Okay.  Mr. Williams, have you received a |
| 14 | copy of the indictment? |
| 15 | MR. WILLIAMS:  I have, your Honor.  I did review it |
| 16 | with Mr. Dabidah.  He understands the charge and will waive a |
| 17 | reading and enter a plea of not guilty. |
| 18 | THE COURT:  Very well.  Thank you. |
| 19 | Mr. Jones, tell me about this case.  What does it |
| 20 | involve, and in particular, the discovery that's involved? |
| 21 | MR. JONES:  Yes, your Honor.  So this case began as an |
| 22 | investigation into the defendant for firearms trafficking or, |
| 23 | you know, expected firearms trafficking.  Much of the discovery |
| 24 | here -- or in the lead up to a search on August 15th, we |
| 25 | received many subpoena records from various online distributors |

of firearms parts that had shipped items to the defendant's residence. That led to a search warrant executed at his apartment on August 15th. During the course of that search warrant, the NYPD found dozens of 3-D printed firearms, dozens of machine gun conversion devices, and then also various 3-D printers, ammunition, ammunition packing materials.

The discovery here principally consists of kind of a few categories. The first is the subpoena returns that were acquired prior to August 15th from various online distributors; items from the search of the defendant's apartment, which will include inventories, photographs; there's a lot of body-worn camera from the execution of the search; the defendant's post-arrest statement after that. And then continuing now --

THE COURT: Was Mr. Dabidah in the apartment at the time of the search?

MR. JONES: Yes, your Honor.

THE COURT: Okay.

MR. JONES: There's also going to be, as NYPD is testing at the firearms lab many of the items that were seized from his apartment, there will be reports coming from those items. And then his phone is the principal electronic item, but there were electronic devices taken during the execution of the search warrant. As of yet, we don't have forensic copies of those, but they will be provided as we have them.

THE COURT: When do you anticipate providing them to

1     Mr. Williams?

2             MR. JONES:  With the things that I have, your Honor, I
3     think within the next three weeks I will give him the bulk of
4     it.  It won't include the electronic devices unless something
5     has change.  It obviously won't include the reports from the
6     firearms lab we don't yet have.  But the things that we have,
7     we can get to him in three weeks.

8             THE COURT:  Does the government's proof in this case
9     involve any actual sales?

10            MR. JONES:  Your Honor, the charge here does not
11    allege sales.  The charge here is the possession of the machine
12    guns.

13            THE COURT:  Thank you.

14            Mr. Williams, how do you wish to proceed?

15            MR. WILLIAMS:  Thank you, your Honor.  We discussed
16    this, and given that discovery will be available in about three
17    weeks, we're asking to come back on November 20.

18            THE COURT:  Okay.  Ms. Trotman.

19            THE DEPUTY CLERK:  November 20 at 11:30 a.m.

20            THE COURT:  And I take it, did the magistrate judge
21    issue a Rule 5(f) order, Mr. Jones?

22            MR. JONES:  I'm not sure, your Honor.  Probably not
23    because it wasn't yet indicted.

24            THE COURT:  Okay.  Very well.  In that event, I will
25    do it now.

5
O9AADabA

1          I direct the prosecution to comply with its obligation

2     under *Brady v. Maryland* and its progeny to disclose to the

3     defense all information, whether admissible or not, that is

4     favorable to the defendant, material either to guilt or to

5     punishment, and known to the prosecution.  The possible

6     consequences for noncompliance may include dismissal of

7     individual charges or the entire case, exclusion of evidence,

8     and professional discipline or court sanctions on the attorneys

9     responsible.

10         I will be entering a written order more fully

11    describing this obligation and the possible consequences of

12    failing to meet it, and I direct the prosecution to review and

13    comply with that order.

14         Mr. Jones, do you confirm that you understand your

15    obligations and will fulfill them?

16         MR. JONES:  Yes, your Honor.

17         THE COURT:  And with that, is there anything else that

18    we should do today?  Mr. Jones?

19         MR. JONES:  Your Honor, I would ask to exclude time

20    under the Speedy Trial Act until November 20.  The reason for

21    this is to permit us to gather and produce the discovery

22    materials to Mr. Williams, to enable him to review the

23    materials, and come back to court in November in a position to

24    continue the case.

25         THE COURT:  Any objection?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          MR. WILLIAMS:  No, your Honor.

2          THE COURT:  Very well.  I will exclude the time

3  between now and November 20 under the Speedy Trial Act.  I find

4  that Mr. Dabidah's interest in excluding that time outweigh the

5  interest of the public in a speedy trial for the reasons set

6  forth on the record by Mr. Jones.

7          Anything else from you, Mr. Williams?

8          MR. WILLIAMS:  No, your Honor.

9          THE COURT:  In that event, we are adjourned.

10          (Adjourned)