UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :     24-CR-514-ER
            -v-                                             :
                                                            :
FAREED DABIDAH                                              :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

## TABLE OF CONTENTS

I. Introduction………………………………………………….……………….3

II. Background…………………………………………………….……………3

III. Law & Analysis………………………………………………….………..5

    a. The Second Amendment Covers the Possession of Firearms Equipped with Machinegun Conversion Devices………..………………….…………...6

    b. The Government Cannot Meet its Burden of Demonstrating that the Application of 18 U.S.C. § 922(o)(1), as Applied to Mr. Dabidah, is Consistent with the Nation's Historical Tradition of Firearm Regulation.……..….……………………………………………………….8

IV. Conclusion……………………………………………….……...………..9

I. **Introduction**

Fareed Dabidah, through undersigned counsel, respectfully moves this Court for an order dismissing Count One of the indictment, which charges him with possessing a machine gun, in violation of 18 U.S.C. § 922(o)(1). The basis for this motion is that, following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), gun regulations burdening Second Amendment protections are presumptively unconstitutional unless the government can carry its burden of establishing that the challenged regulation is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Importantly, the Second Circuit, to undersigned counsel's knowledge, has yet to apply *Bruen* to § 922(o)(1). Because the government cannot meet its burden under *Bruen* with respect to § 922(o)(1) as applied to Mr. Dabidah, who notably has no prior criminal history, this Court must dismiss Count One of the Indictment as violative of Mr. Dabidah's Second Amendment protections.

II. **Background**

On August 15, 2024, following the execution of a search warrant at Mr. Dabidah's home, law enforcement discovered, among other things, various 3D printed firearms and firearm components, including firearms equipped with machinegun conversion devices used to make these weapons fully automatic. There

3

are no allegations that Mr. Dabidah used these fully automatic weapons. Rather, the sole allegation against Mr. Dabidah is that he possessed these weapons at his home in the Bronx, New York.

On August 29, 2024, Mr. Dabidah was indicted by a federal grand jury for violating § 922(o)(1), which criminalizes the unlawful transfer or possession of a machinegun. Under the statute, a machine gun is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). This definition also includes any part designed and intended "for use in converting a weapon into a machinegun." *Id.*

Here, Count One of the indictment must be dismissed because § 922(o)(1), which bans the possession of any weapon or part that falls within the statute's broad definition of a machinegun, is plainly not "consistent with this Nation's historical tradition of firearm regulation." *See Bruen*, 142 S. Ct. at 2126. Given that the government will be unable prove that § 922(o)(1) is consistent with this Nation's historical tradition as applied to Mr. Dabidah, the statute violates his Second Amendment rights, thereby requiring the dismissal of the indictment.

### III. Law & Analysis

The Second Amendment, which was adopted in 1791, explicitly provides that "the right of the people to keep and bear Arms [] shall not be infringed." U.S. Const. amend. II. It is thus universally accepted "on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms." *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008).

In 2022, the Supreme Court invalidated the Second Circuit's existing framework for adjudicating Second Amendment challenges -- known as "means-end scrutiny"-- and instead provided detailed guidance on how courts must resolve such claims moving forward. To that end, in *Bruen*, the Supreme Court explained that the standard for analyzing Second Amendment challenges is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulations by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

142 S. Ct. at 2126 (internal quotations omitted). Here, as will be discussed in greater detail below, the Second Amendment covers Mr. Dabidah's alleged conduct of possessing firearms equipped with machinegun conversion devices, and the government will be unable to meet its burden of demonstrating that § 922(o)(1)'s

prohibition on such conduct is consistent with this Nation's historical tradition of firearm regulation.

      a. <u>The Second Amendment Covers the Possession of Firearms Equipped with Machinegun Conversion Devices.</u>

The first step of the *Bruen* analysis is determining whether Mr. Dabidah's alleged conduct of possessing firearms equipped with machinegun conversion devices is protected by the plain text of the Second Amendment. *See id.* ("When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."). That answer is yes.

As a threshold matter, the Second Amendment's guarantee of "the right of the people to keep and bear arms" extends to "all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008). Indeed, the plain text of the Second Amendment makes no distinction between the size, type, or capacity of a particular firearm. To interpret the Second Amendment's plain text any differently would require the Court to ignore step one of *Bruen*'s instructions.

Additionally, the firearms that Mr. Dabidah is charged with possessing undoubtedly constitute bearable arms. Each of these weapons can be carried and used in an offensive or defensive manner. *See Heller*, 554 U.S. at 584 (defining "bear arms" as "wear, bear, or carry . . . upon the person or in the clothing or in a

pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person"); *United States v. Morgan*, 2024 WL 3936767, at *2 (D. Kan. Aug. 26, 2024) ("Here, Defendant is charged with two counts of machinegun possession, and both counts apply to arms that can be carried in the hand. Thus, by definition, the machinegun and Glock switch are bearable arms within the plain text of the Second Amendment"). Moreover, a machinegun conversion device is not merely an accessory unprotected by the Second Amendment. To the contrary, the conversion device, or "switch" as it is otherwise known, is an integral component of what makes the firearm to which it gets attached a machinegun. *See Morgan*, 2024 WL 3936767, at *2 n.1 ("The government does not argue, nor does the court find, that the Glock switch is a mere accessory unprotected by the Second Amendment. The switch is, rather, an integral component of what makes the Glock to which it is attached a machinegun.") (citation omitted).

In short, the plain text of the Second Amendment protects Mr. Dabidah's alleged conduct of possessing firearms equipped with machinegun conversion devices. It is now the government's burden at step two of the *Bruen* analysis to prove that § 922(o)'s prohibition on possessing machineguns is consistent with this Nation's historical tradition of firearm regulation, as applied to Mr. Dabidah.

7

b. <u>The Government Cannot Meet its Burden of Demonstrating that the Application of 18 U.S.C. § 922(o)(1), as Applied to Mr. Dabidah, is Consistent with the Nation's Historical Tradition of Firearm Regulation.</u>

At step two of the *Bruen* analysis, the government bears the burden of demonstrating that § 922(o)'s prohibition on possession of machineguns is consistent with this Nation's historical tradition of firearm regulation, as applied to Mr. Dabidah. It will not be able to meet this burden.

The District of Kansas' decision in *United States v. Morgan* is informative. *See* 2024 WL 3936767 (D. Kan. Aug. 26, 2024). In *Morgan*, the defendant, like Mr. Dabidah, was charged with two counts of possessing a machinegun after he was found in possession of a machinegun and a machinegun conversion device. *Id.* at *1. The defendant filed a motion to dismiss pursuant to *Bruen*, arguing that § 922(o)(1) violated his Second Amendment rights. In agreeing with the defendant, the court emphasized that the government was unable to establish how the act of merely possessing a machinegun was consistent with this nation's historical tradition of firearm regulation. Specifically, the court emphasized that the federal government did not prohibit the possession of machineguns until 1986; that this ban did not prohibit all machineguns, but rather only those acquired after 1986; that the possession of a machinegun is not unusual because it is still legal for individuals to possess these weapons today so long as they were lawfully possessed by someone

prior to 1986; and that there are over 740,000 legally registered machineguns in the United States today. *See id.* at *4. In light of this reasoning, the government, in *Morgan*, was unable to meet its burden of establishing that § 922(o), as applied to a defendant charged with mere possession of a machinegun, was consistent with this Nation's historical tradition of firearm regulation. And for these same reasons, the government will be unable to meet its burden here with respect to Mr. Dabidah, who is charged with the identical offense.

Accordingly, the Court must dismiss Count One of the indictment as violative of Mr. Dabidah's Second Amendment rights.

## IV. Conclusion

For all of the reasons stated herein, Mr. Dabidah respectfully moves the Court for an order dismissing Count One of the indictment.

Dated: January 10, 2025

    Respectfully Submitted,

    */s/*
    **Kristoff I. Williams**
    Assistant Federal Defender
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, New York 10007
    Tel.: (212)-417-8791